**In re COUNTRY JUNCTION, INC., et al., Debtors.**

**COUNTRY JUNCTION, INC., et al., Plaintiffs,**

v.

**MONEY EXCHANGE, Republic Factors, Defendants.**

**COUNTRY JUNCTION, INC., et al., Plaintiffs,**

v.

**REPUBLIC FACTORS, San Francisco Shirt Works, Defendants.**

Bankruptcy Nos. 1–81–00473–E to 1–81–00475–E.

Adv. Nos. 1–82–0123, 1–82–0230–E.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

March 27, 1985.

Donald R. Taylor and Donald Rector, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Tex., for Country Junction, Inc.

Vernon O. Teofan, Freytag, LaForce, Rubinstein & Teofan, Dallas, Tex., for Republic Factors.

MEMORANDUM OPINION

JOSEPH C. ELLIOTT, Bankruptcy Judge.

This case involves a preferential transfer under § 547 of the Bankruptcy Code. The issue to be determined is whether the Creditor receiving the transfer has established the defense of new value pursuant to § 547(c)(4). This opinion shall constitute findings of fact and conclusions of law under Bankruptcy Code Rule 7052.

The Debtor, Country Junction, Inc., was in the business of purchasing wearing apparel and merchandise from manufacturers

and wholesalers and selling these items at retail. Money Exchange and San Francisco Shirt Works were both apparel vendors and sold to the Debtor merchandise valued at $64,646.40 and $20,970.00, respectively. The receivables arising from these transactions were, pursuant to the terms of a factoring agreement, sold to Defendant Republic Factors. More than forty-five (45) days after these sales were entered into, yet within the ninety (90) day period prior to the Debtor filing its bankruptcy petition, the Debtor made payments to Republic Factors on these accounts. Separate checks were drafted for each invoice and were made payable jointly to the respective vendor and Republic Factors. After these payments were made, the Debtor purchased additional merchandise valued at approximately $400,000.00 from various vendors which also factored their receivables to Republic Factors.

The factoring agreement between the vendors and Republic Factors sets out two separate bases for factoring. One, when Republic Factors assumes the credit risk ("without recourse") by giving prior written approval of the order placed by the customer and, second, where the vendor did not obtain Republic Factors' approval and the vendor assigns the receivable "with recourse".

It was originally contended by Republic Factors that the full $400,000.00 worth of receivables had been factored "without recourse". However, the deposition testimony of Republic Factors' representative failed to establish that prior written approval was given on the full $400,000.00. The parties later stipulated that prior written approval was given to two vendors, Kir, Inc. and R & J Industries, Inc., in the total amount of $99,000.00.

Republic Factors concedes that the payments met all the elements of a preference. Yet, it contends that the shipments valued at $99,000.00 by Kir Inc. and R & J Industries, Inc. constituted "new value" given by Republic Factors since Republic Factors purchased these receivables. The Court disagrees.

The § 547(c)(4) exception is generally known as the "subsequent advance rule" and reads as follows:

"(c) The trustee may not avoid under this section a transfer ..."

"(4) ... to or for the benefit of a creditor, to the extent that, after such transfer, *such creditor gave* [emphasis added] new value to or for the benefit of the debtor ...

"(A) ... not secured by an otherwise unavoidable security interest; and

"(B) ... on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor."

The statute requires that the "new value" be extended by the same creditor which received the benefit of the preference payments. Republic Factors never extended any new value to the Debtor, but merely *became* a creditor by the purchase of accounts receivable.

The "new value" exception of § 547(c) has been applied to transactions between immediate parties but has never been expanded to allow an entity such as Republic Factors to receive credit for goods which it did not advance. *See, e.g., In Re Hersman*, 20 B.R. 569 (Bankr.N.D.Ohio 1982) (subsequent purchases of gasoline and accessories made by debtor from transferee constitute new value); *In Re Saco Local Development Corp.*, 30 B.R. 859 (Bankr.D. Maine 1983). Such an expansion would not be warranted in this case.

Republic Factors never entered into any credit arrangement with Country Junction, Inc. Instead, it was a party to factoring agreements between itself and the various vendors. These agreements provided for the assignments of receivables arising from sales by the vendors. The factoring agreement, by its express terms, is solely for the benefit of the parties to the agreement; it did not have as its purpose the extension of credit to the Debtor. A vendor was given immediate money for its accounts receivable. In exchange, Repub-

lic Factors was entitled to collect the face amount of the receivable although it paid the vendor only 98.875% of the face amount. The very nature of this arrangement was to provide financing by Republic Factors to a vendor in exchange for anticipated payments upon the receivables. Although the record indicates that Republic Factors monitored the Debtor's financial condition, there is no evidence of any contractual relationship between Republic Factors and the Debtor. The purchase by Republic Factors of an accounts receivable does not constitute an extension of credit to the Debtor.

The Defendant argues that subsequent extensions of credit by *other* vendors and the purchase of the accounts receivable arising out of those sales by it should be viewed as "new value". Republic Factors is seeking to offset a claim it *purchased* within the ninety (90) days preceding the commencement of the case while the Debtor was insolvent. This position is not consistent with the language of § 547(c) of the Bankruptcy Code and is also contrary to § 553(a)(2) which prohibits a creditor from offsetting a debt to the Debtor with a claim which "was transferred, by an entity other than the debtor, to such creditor after ninety (90) days before the date of filing of the petition".

Additionally, Republic Factors has not proved that its purchase of accounts receivables benefited the Debtor. A substantial number of these accounts were factored to Republic Factors by vendors without prior written approval and thus with no credit risk to Republic Factors. Nothing in the record indicates that Kir, Inc. or R & J Industries, Inc. would not have sold goods to the Debtor in the absence of Republic Factors' prior written approval or, for that matter, if there were no factoring agreements at all.

Republic Factors also argues that the factoring arrangement is like a "credit card" for the Debtor and that it in effect extends credit to the vendee. *See, In Re Rustia,* 20 B.R. 131 (Bankr.S.D.N.Y.1982), where the Court held that a credit card

constituted a retail installment agreement between the card issuer and the holder which entitled the issuer to offset as "new value" subsequent purchases. *Id.* at 133. In the instant case, Republic Factors is neither a vendor nor one who extended credit to the Debtor. Rather it "became" a creditor by purchasing an accounts receivable. Republic Factors was compensated for its purchase by receiving a commission of 1⅛% of the face value of the accounts receivable. This arrangement does not constitute "new value" to the Debtor. *See, e.g., National Acceptance Co. of America v. Blackford,* 408 F.2d 20 (5th Cir.1969); *In Re Freeman,* 294 F.2d 126 (3rd Cir.1961). For the reasons stated the Court will enter judgment for Country Junction, Inc. against Republic Factors for the full amount of the preference payments, plus the legal rate of interest thereon from and after the date of the filing of the Complaint for Preference.